IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN W. McDIFFETT,

      Plaintiff,

v.                                                CASE NO. 17-3037-SAC

CHARLES NANCE, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response (Docs. 15, 19) to the Court's Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"). The MOSC required Plaintiff to show good cause why his claims against Defendants Jennifer Kieltyka, Lauren Gift, Beverly Jackson, Gaye Servino, Eilene (lnu), (fnu) Arol, Cris Ross and Douglas Burris, should not be dismissed for the reasons set forth in the MOSC.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), the events giving rise to his Amended Complaint took place during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court's previous orders set forth in detail Plaintiff's factual allegations. *See* Docs. 8, 13.

**II. DISCUSSION**

    *1. Medical Claims*

Plaintiff's claims against Defendants Jennifer Kieltyka, Lauren Gift, Beverly Jackson, Gaye Servino, and Eilene (lnu)[1], relate to the medical care he received at LCF before and after his

---

[1] Plaintiff agrees to the dismissal of Defendant Eilene (lnu). (Doc. 15, at 13.)

1

hernia surgery. In the MOSC, the Court found that: the claims were subject to dismissal because Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment; Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame, including two surgeries, doctor and nurse visits, and various medications; Plaintiff's claims amount to a difference of opinion with the treatments he has been provided by medical staff; Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals, do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment, and are, at most, grounds for a negligence or malpractice claim in state court. The Court directed Plaintiff to show cause why his medical claims should not be dismissed.

In response, Plaintiff alleges that Defendant Gift, the clinic administrator, failed to respond to his grievances about the medical staff's delays in obtaining a hernia belt and a doctor's appointment. Plaintiff alleges that Defendant Gift failed to direct her subordinates to address Plaintiff's medical concerns. The claims against Defendant Gift require proof that she personally committed a constitutional violation. *Keith v. Koerner*, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights. *Keith*, 843 F.3d at 838.

Plaintiff "must show an affirmative link between [Gift] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id*. (internal quotation marks omitted) (citing *Schneider v. City of Grand*

*Junction Police Dep't*., 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614 F.3d at 1195)). Because Plaintiff has failed to allege any personal involvement by Defendant Gift, and failure to answer grievances does not violate constitutional rights, Plaintiff's claims against Defendant Gift are dismissed.

Plaintiff complains about the delay in follow-up with his surgeon, delay in seeing the doctor, delay in receiving his medication, and delay in receiving a hernia belt. Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. In his response, Plaintiff alleges substantial harm as a result of the delays caused by Defendants Kieltyka, Servino and Jackson.

Plaintiff claims that Defendant Kieltyka delayed in ordering Plaintiff's hernia belt, delayed in scheduling Plaintiff to see a doctor, and relayed to Plaintiff that she had no control over KDOC staff when Plaintiff complained about their failure to follow his medical restrictions. Plaintiff alleges that Defendant Kieltyka delayed in taking action in response to Plaintiff's weight loss, merely telling Plaintiff to eat more. Plaintiff acknowledges that he eventually received a modified medical diet around July 28, 2015. Plaintiff alleges that Kieltyka failed to properly communicate the modified medical diet to Aramark, causing a delay in implementation of the diet.

Plaintiff alleges that Defendant Kieltyka failed to assign an aid to assist Plaintiff with lifting and transporting his boxes when he was leaving the infirmary. Plaintiff alleges he was unaware of his medical restrictions and that as a result of Kieltyka's failure to assign an aid, he was forced to lift three boxes of personal property and one legal box onto the seat of his wheelchair, and then push them from the maximum facility infirmary to the medium facility. Plaintiff alleges

that his wheelchair was then taken from him at the medium facility because Defendant Kieltyka failed to document that it was assigned to Plaintiff. Plaintiff alleges that this caused damage to his surgery site, caused the mesh to come loose, and ultimately required a second surgery to repair the reoccurring hernia.

Plaintiff alleges that Defendant Servino ordered his wheelchair to be taken from him when he arrived at the medium facility, and refused to provide Plaintiff with an aid. Plaintiff also alleges that Defendant Servino failed to properly relay his medical restrictions to Defendant Nance. Plaintiff alleges despite Lt. Lamb advising Plaintiff to report to the clinic, Defendant Servino refused to allow Plaintiff to see the doctor as a medical emergency, and instead required him to submit a sick call request. Plaintiff alleges that upon her refusal, Lt. Lamb went back to the Captain's office with Plaintiff, explained the situation to the Head Unit Manager, Ms. Peavler. Peavler then contacted Gift, and Gift apparently made a call to Defendant Servino with orders to allow Plaintiff to see Dr. Saffo immediately. Dr. Saffo examined Plaintiff and admitted him to the infirmary.

Plaintiff alleges that Defendant Jackson was responsible for ordering him a hernia belt, and when he would inquire she would respond that she either forgot to order one or she had not had time to order one. Plaintiff alleges that a hernia belt was finally ordered, but a week later it was discovered that Defendant Jackson had ordered the wrong type of hernia belt, and she ordered the correct one. Approximately two weeks later Plaintiff received the proper hernia belt. Plaintiff alleges that the delay caused his rupture to worsen to the point where it could not be reduced, thus requiring surgery.

Plaintiff's surgery was performed on April 9, 2015, with instructions for Plaintiff to return for a follow up appointment in two weeks. Defendant Jackson failed to inform Plaintiff or the

staff at the medium facility of his medical restrictions when he was released from the infirmary following his surgery. Plaintiff alleges that despite his complaints of "an abnormal feeling of pain" which was increasing daily, and him pointing out the bulge at the surgery site, Defendant Jackson failed to schedule him for a follow up visit with the surgeon, stating that he did not need one. Plaintiff had to undergo a second surgery to repair the reoccurring hernia.

The Court finds that Plaintiff has shown sufficient cause as to why his claims against Defendants Kieltyka, Servino and Jackson should not be dismissed. The Clerk shall issue waivers to these Defendants.

### 2. *Claims Regarding Grievance Responses*

Plaintiff's claims against Defendants Ross and Burris relate to his dissatisfaction with their responses to his grievances. Plaintiff's response to the MOSC fails to show cause why these claims should not be dismissed. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

### 3. Claim Against Defendant Arol

Plaintiff alleges that following his first hernia surgery he was taken to the LCF maximum facility infirmary and was released the next morning—less than 24 hours after surgery—to return to the LCF medium facility. Plaintiff claims that when he asked for help returning to his cell at the LCF medium facility, Defendant Arol told Plaintiff to put his boxes of property on his wheelchair and push it so he would not have to carry it.

Plaintiff has failed to allege that Defendant Arol was deliberately indifferent to his serious medical needs. The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)). Plaintiff's response alleges that when he asked Defendant Arol for an aid to assist him, Arol stated that one had not been assigned and he advised Plaintiff to submit a sick call request because he did not know who to contact or who was even available. Plaintiff's claims against Defendant Arol are dismissed for failure to state a claim of deliberate indifference.

### 4. Correspondence from Plaintiff

On June 15, 2018, the Court received correspondence from Plaintiff: indicating his request for a jury trial and designation of place of trial; asking the Court to advise him on the "correct and appropriate filing to reconsider the dismissal of Defendants Saffo, Redieck, and Randy (lnu)"; indicating that he has been unsuccessful in requesting an employee roster from LCF,

and asking the Court for a directive or order to provide the requested documents; and inquiring as to whether Notices of Electronic Filings ("NEF") are considered "legal mail" and to whom they are sent. (Doc. 27.)

The docket now reflects Plaintiff's request for a jury trial. Plaintiff's correspondence was also docketed as a Motion to Reconsider. (Doc. 28.) In response, Plaintiff sent additional correspondence (Doc. 29) on July 2, 2018, indicating that he did not intend for his previous correspondence to be considered as a motion to reconsider. Rather, Plaintiff was seeking advice as to what he should file in the future. Therefore, the Motion to Reconsider at Doc. 28 will be withdrawn. Plaintiff is free to file a motion to reconsider if he chooses to do so in the future. However, the Court and/or Clerk are not permitted to give Plaintiff legal advice as to what motions he should or should not file. The Clerk may provide procedural advice in the nature of whether or not a copy is required or if a form is available for a certain pleading. However, asking what course of action he should take in prosecuting his case is outside the scope of what assistance may be provided.

Plaintiff's request for a Court directive or order regarding documents he requested from LCF is denied as premature. The Court's previous MOSC directed the officials responsible for the operation of LCF to prepare a *Martinez* Report and provided that: "Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Amended Complaint and the report required herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f)." (Doc. 13, at 19.)

The Court's procedures for civil cases are set forth in the Court's "Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas." (Revised December 1, 2016.) It

7

provides in relevant part:

> **B. PRISONER E-FILING.** Documents submitted by prisoners incarcerated by the Kansas Department of Corrections must be electronically submitted to the court as follows:
>
> 1. Prisoner litigants will scan pleadings in civil actions on a digital sender or similar equipment.
>
> 2. Once the document has been scanned, the prisoner will e-mail the pleading to the court at: ksd_clerks_topeka@ksd.uscourts.gov.
>
> 3. The court will e-file these pleadings upon receipt by e-mail.
>
> 4. Upon filing, the court will create a Notice of Electronic Filing (NEF), which will confirm the date the pleading was e-filed by the court and contain an electronic link to the document.
>
> 5. A party may not electronically serve a complaint, but instead must effect service according to Federal Rule of Civil Procedure.
>
> 6. Once defendants or respondents have accepted such service, however, the NEF for a subsequent prisoner pleading shall constitute service of the document by first class mail, postage prepaid. The NEF will be transmitted to an e-mail address established by the court upon the designation of the facility and will be distributed through institutional channels to the inmate.
>
> 7. Documents filed by defendants or respondents will continue to be mailed by those parties, and orders entered by the court will be transmitted by mail.
>
> 8. The electronic transmission of correspondence and court filings is free to prisoners; however, statutory filing fees apply to these actions and are not affected by e-filing.
>
> 9. Prisoner participants in the e-filing pilot project remain subject to the provisions of [D. Kan. Rule 9.1](). Initial court filings, such as petitions and complaints, submitted by these participants must be transmitted on official forms, and all court filings must contain the prisoner's conviction name and KDOC identification number, the name of the opposing party, the case number, if one has been assigned, and signature. The failure to provide this information may result in delay in processing of the incomplete submission. Complete copies of the rules of the court are

>           available for review in the law library.
>
>     10.   Questions regarding filing by prisoners who are in segregated housing should be directed to the facility librarian.
>
>     11.   A prisoner who is transferred to any facility not designated for inclusion by the Department will resume the submission of pleadings by mail.

The NEFs are printed off at the facility and distributed to the inmates. The NEFs do not contain any markings by the Court indicating that they are "legal mail." In contrast, when the Court mails anything to an inmate, the envelope is stamped "Special Mail Open Only in the Presence of the Inmate."

Plaintiff also states that he intended to sue Defendants in their official capacity, in addition to their individual capacity. Plaintiff's Amended Complaint states that he is suing Defendants in their individual capacity. To the extent Plaintiff seeks to amend to include official capacity claims, the Court denies such a request on the basis of futility. An official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted). Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Plaintiff's claims for monetary damages against Defendants in their official capacities would be subject to dismissal as barred by sovereign immunity.

**IT IS THEREFORE ORDERED that** Defendants Eilene (lnu), Lauren Gift, (fnu) Arol, Cris Ross, and Douglas Burris are **dismissed.**

**IT IS FURTHER ORDERED that** Doc. 28, docketed as a motion to reconsider, is **withdrawn.**

**IT IS FURTHER ORDERED that** any request by Plaintiff to amend to add official capacity claims is **denied**.

**IT IS FURTHER ORDERED that** the Clerk shall issue waivers to Defendants Kieltyka, Jackson and Servino.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 11th day of July, 2018.**

> s/ Sam A. Crow
> SAM A. CROW
> U. S. Senior District Judge