# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN W. McDIFFETT,

    Plaintiff,

v.                          CASE NO. 17-3037-SAC

CHARLES NANCE, et al.,

    Defendants.

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On January 22, 2019, the Court entered an Order (Doc. 51) directing Plaintiff to show cause why Defendant Jennifer Kieltyka and Defendant Gaye Servino should not be dismissed. This matter is before the Court on Plaintiff's Response (Doc. 53), Defendant Gay Savino's Motion for Leave to File Responsive Pleading Out of Time (Doc. 52), and Plaintiff's Request for Order Concerning Disposition of Legal Materials (Doc. 54).

On August 10, 2018, counsel for Defendant Jackson filed a Suggestion of Death Pursuant to Federal Rule of Civil Procedure 25(a) (Doc. 37), stating upon the record the May 26, 2017 death of Defendant Jennifer Kieltyka. Counsel for Defendant Jackson states that he "has no knowledge or information regarding the estate of Ms. Kieltyka" and that "he is not appearing for nor representing the estate of Ms. Kieltyka and is not waiving service on behalf of Ms. Kieltyka." (Doc. 37, at 1.) The Court denied Plaintiff's motions for substitution (Docs. 42, 47) for failure to name a proper party for substitution. (Docs. 44, 51.) Rule 25 provides that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(1). The Court ordered Plaintiff to show cause

1

why Defendant Kieltyka should not be dismissed for failure to name a proper party for substitution.

Plaintiff has responded to the order to show cause, arguing that "although Ms. Kieltyka is said to be deceased, Kieltyka was alive and well at all times relevant to Plaintiff making his Complaint, and should be held responsible for her actions, and/or failure to properly act." (Doc. 53, at 3.) Plaintiff also argues that Kieltyka was an employee of Corizon Health Care Services, which should be liable for her actions while she was alive and employed. *Id*. Plaintiff also makes arguments regarding the merits of his claims. Plaintiff also states that due to the passage of time since Kieltyka's death, he believes that her estate has already been settled and he does not know of a proper party to name. (Doc. 53, at 4.) The Court finds that Defendant Kieltyka should be dismissed from this action. This action was filed on March 7, 2017, and Defendant Kieltyka has never been served. Furthermore, a proper party for substitution under Rule 25 has not been identified and Plaintiff points to no authority suggesting that it is the Court's responsibility to locate a proper party.

In the order to show cause, the Court also found that Defendant Gaye Servino,[1] who was served on July 31, 2018, had failed to answer or otherwise respond in this case, and directed Plaintiff to show cause why Defendant Servino should not be dismissed for failure to prosecute. In response, Plaintiff acknowledges that Defendant Savino's name and employer were listed incorrectly on his Complaint. (Doc. 53, at 4.) Plaintiff asks the Court to correct the name and employment of Defendant Savino and to issue a summons for Defendant Savino. Plaintiff also argues the merits of his claims against Defendant Savino. Defendant Savino has also filed a motion for leave to respond out of time under Rule 6(b) of the Federal Rules of Civil Procedure,

---

[1] The Waiver of Service of Summons was executed on July 24, 2018, and the signature appears to show Defendant's surname as "Savino." (Doc. 33.)

arguing excusable neglect due to the misspelling of Savino's name and the failure to identify her as a KDOC employee. Plaintiff states that he has no objection to Defendant Savino's request to respond out of time. (Doc. 53, at 9.) For good cause shown, the Court will grant the motion as unopposed.

Plaintiff indicates that he will be transferred to federal custody sometime after March 1, 2019. Plaintiff argues that HCF will not hold his legal materials until he is transferred to federal custody, and that he would be required to send his materials to a family member or friend during the transfer. Plaintiff acknowledges that he is indigent and therefore he will be provided postage free of charge, but argues he does not know who to send the materials to. (Doc. 54, at 2.) Plaintiff asks the Court to order HCF to hold Plaintiff's legal materials until he reaches his designated federal prison. In the alternative, Plaintiff asks the Court to order HCF to transport his materials with Plaintiff. Because the Court does not interfere with day-to-day prison operations, the Court denies this request. If Plaintiff is unsatisfied with the procedure in place he should address his complaint through the prison grievance process. Furthermore, if there is a delay in Plaintiff receiving his legal materials, he can request an extension of time to the extent such delay interferes with his ability to meet a deadline in this case. The Court directs Plaintiff to notify the Court with a proper notice of change of address as soon as he is transferred to a federal facility.

**IT IS THEREFORE ORDERED BY THE COURT that** Defendant Jennifer Kieltyka is **dismissed**.

**IT IS FURTHER ORDERED that** Defendant Gay Savino's Motion for Leave to File Responsive Pleading Out of Time (Doc. 52) is **granted.** Defendant Savino is granted leave to answer or otherwise respond to the Complaint on or before **February 19, 2019.**

**IT IS FURTHER ORDERED that** Plaintiff's Request for Order Concerning Disposition of Legal Materials (Doc. 54) is **denied.**

**IT IS FURTHER ORDERED that** Plaintiff shall notify the Court with a proper notice of change of address as soon as he is transferred to a federal facility.

**IT IS FURTHER ORDERED that** the Clerk is directed to correct Defendant Gay Savino's name on the docket and to identify her as a KDOC employee.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of February, 2019.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**
