UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN W. McDIFFETT,                          )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )          Case No. 17-3037-JAR
                                             )
CHARLES H. NANCE, et al.,                    )
                                             )
                    Defendants.              )

## ORDER

Plaintiff, a federal inmate proceeding pro se, brings this action under 42 U.S.C. §

1983 alleging defendants were deliberately indifferent to his medical needs when he was

held in custody by the State of Kansas.  This matter is before the court on plaintiff's motion

to appoint counsel (ECF No. 68).

In civil actions such as this one, there is no constitutional right to appointed counsel.[1]

The decision whether to appoint counsel in a civil matter lies in the discretion of the district

court.[2]  In deciding whether to appoint counsel, the court must evaluate "the merits of a

---

[1]*Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[3]  "The burden is on the [prisoner] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[5]

Plaintiff first asserts counsel should be appointed because the medical allegations in the case make it "complex, requiring expert and professional testimony, depositions, locating and subpoena of witnesses, research and the obtaining of evidence, and much more."[6]  These listed circumstances, however, are more or less present in every case.  They do not elevate the complexity of the factual and legal issues presented.  Rather, plaintiff's allegations of defendants' deliberate indifference to his medical care are straight forward.  The court has no doubt that the U.S. district judge assigned to this case will be able to discern the applicable law.

Plaintiff next requests counsel based on his belief that his legal material was destroyed when he was transferred from state to federal custody in May 2019.  As discussed

---

[3] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

[4] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill*, 393 F.3d at 1115).

[5] *Id.* (modifications in original) (quoting *Rucks*, 57 F.3d at 979).

[6] ECF No. 68 at 1.

2

in the court's August 1, 2019 order, however, it turns out plaintiff's legal material was mailed to his wife.[7] Additionally, defendants mailed copies of key documents in this litigation to plaintiff on July 31, 2019.[8] Thus, the asserted inability to access legal material is not a reason to appoint counsel in this case.

Third, plaintiff states his access to the prison's law library is limited because he is currently in the Special Housing Unit ("SHU"). He implies he has access to the library only on weekends. He complains that he has requested prison guards to take him to the library, but they have refused. But plaintiff states he "is currently awaiting redesignation to a facility more equipped to handle plaintiff's medical care level."[9] This indicates plaintiff's alleged limited access to the library may be short-lived and increase when he is moved out of the SHU or to another facility. All pretrial proceedings in this case, including discovery, are currently stayed until a ruling is issued on a defendants' pending motion to dismiss or for summary judgment.[10] Thus, presumably the only research plaintiff would undertake in the library would be related to his response to the pending motion. But plaintiff has given the court no information about what he wants to research, nor an estimate of the amount of time he believes necessary to complete such research. In other words, plaintiff has not met his burden of demonstrating an inability to present his claims to the

---

[7] *See* ECF No. 75 at 1.

[8] *Id.*

[9] ECF No. 68 at 2.

[10] ECF No. 63 (citing ECF No. 58).

court. However, to ensure plaintiff has had more-than-sufficient time to research and respond to the dispositive motion that has been pending since February 27, 2019, the court hereby extends his response deadline to **September 9, 2019**.[11]

Finally, plaintiff states he is having difficulty obtaining a writing instrument while in the SHU. Plaintiff previously raised a similar concern when he was confined in the Hutchinson Correctional Facility.[12] U.S. District Judge Samuel A. Crow denied a request for appointment of counsel on this basis.[13] Judge Crow noted plaintiff appeared capable of adequately presenting facts and arguments. The same can be said at this stage in the litigation. Plaintiff was able to obtain a pen to draft the instant motion and the motion requesting copies of the case file (ECF No. 69).

The court has considered plaintiff's motion and concludes that this is not a case in which appointment of counsel is justified, at least at this juncture. First, it is not clear that plaintiff's claims have merit; as mentioned above, a motion to dismiss or for summary judgment is pending. Second, the factual and legal issues in the case are not complex. Finally, plaintiff appears able to investigate the facts and present his claims. The court therefore denies plaintiff's request for counsel. However, if the case survives defendants'

---

[11] This extension is made after consultation with the presiding U.S. District Judge.

[12] *See* ECF No. 13 at 1 n.1.

[13] Id.

4

pending dispositive motion, plaintiff is given leave to file another motion for appointment of counsel if it becomes apparent that appointed counsel is justified.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order by the presiding U.S. district judge. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motion to appoint counsel is denied without prejudice.

The Clerk is directed to mail a copy of this order to plaintiff via regular and certified mail.

Dated August 19, 2019, in Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge