UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN W. McDIFFETT,  )
                     )
          Plaintiff, )
                     )
v.                   )     Case No. 17-3037-JAR
                     )
CHARLES H. NANCE, et al., )
                     )
          Defendants. )

# **ORDER**

Plaintiff, a federal inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging defendants were deliberately indifferent to his medical needs when he was held in custody by the State of Kansas. This matter is before the court on plaintiff's motion for reconsideration of the court's August 19, 2019 order denying his motion to appoint counsel (ECF No. 77). The motion for reconsideration is denied.

D. Kan. Rule 7.3 governs motions for reconsideration of orders. When a party seeks reconsideration of a non-dispositive matter, the motion for reconsideration must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to

---

[1] D. Kan. Rule 7.3(b).

˜1˜

grant or deny a motion for reconsideration is committed to the court's discretion.[2] A motion for reconsideration is appropriate if the court "has misapprehended the facts, a party's position, or the controlling law . . . ."[3] However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[4] Such a motion is not a second chance for the losing party to "make its strongest case . . . or to dress up arguments that previously failed."[5]

In his motion for reconsideration, plaintiff simply reiterates past arguments already considered by the court. First, plaintiff complains that he has limited ability to access the prison law library while incarcerated in the Special Housing Unit ("SHU") of the Federal Prison in Yazoo City, Mississippi. But as the court noted in its order, all pretrial proceedings in this case are currently stayed until a ruling is issued on a defendants'

---

[2] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001); *see also In re Motor Temperature Sales Practices Litig.*, 707 F. Supp.2d 1145, 1166 (D. Kan. 2010) ("A court has discretion whether to grant a motion to reconsider.").

[3] *Coffeville Res. Refining & Mktg, LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010); *see also Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) ("Reconsideration is appropriate where a court 'has obviously misapprehended a party's position on the facts or the law.'") (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[4] *Coffeville Res.,* 748 F. Supp. 2d at 1264; *see also Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (stating a motion to reconsider should not be used to "rehash previously rejected arguments or to offer new legal theories or facts").

[5] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11–2059, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994)).

pending motion to dismiss or for summary judgment.[6] The court noted "plaintiff has given the court no information about what he wants to research, nor an estimate of the amount of time he believes necessary to complete such research."[7] In his motion for reconsideration, plaintiff did not address this deficiency in the record.[8]

Second, plaintiff again complains he is missing legal documents necessary to investigate the facts in this case. But as previously noted, defendants re-served plaintiff courtesy copies of key documents in this case on July 31, 2019.[9] Moreover, on August 27, 2019, the presiding U.S. District Judge, Julie A. Robinson, issued an order finding plaintiff "has access to the relevant documents needed to respond to Defendants' motion."[10] To the extent plaintiff's motion for reconsideration seeks copies of documents not currently in his possession, Judge Robinson made arrangements for plaintiff to request copies from the Clerk of Court at plaintiff's expense.[11]

---

[6] ECF No. 76 (citing ECF Nos. 63 and 58).

[7] *Id.*

[8] Plaintiff asks the court to appoint an "impartial fact finding individual" to investigate the adequacy of the law library. But the instant lawsuit is brought against *state* prison officials raising issues of inadequate medical care at a state prison; should plaintiff wish to raise a claim that *federal* prison officials violated his right of access to the courts by providing inadequate access to a law library, he should file a separate lawsuit against the federal officials. As it is, the court has no jurisdiction over federal prison officials who are not named as parties in this lawsuit.

[9] ECF. No. 75 at 1.

[10] ECF No. 79 at 3.

[11] *See id.*

The court finds no justification for reconsidering its order declining to appoint counsel for plaintiff at this time. Of course, if the case survives defendants' pending dispositive motion, the court has already given plaintiff leave to file another motion for appointment of counsel.[12]

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order by the presiding U.S. district judge. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration of the order denying the motion to appoint counsel is denied.

The Clerk is directed to mail a copy of this order to plaintiff via regular and certified mail.

Dated August 29, 2019, in Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[12] ECF No. 76.