**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SHAWN W. MCDIFFETT,

    Plaintiff,

v.

BEVERLY JACKSON,

    Defendant.

Case No. 5:17-3037-JAR-JPO

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Beverly Jackson's Motion for Summary Judgment (Doc. 83). Defendant sent Plaintiff Shawn McDiffett a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," explaining Plaintiff's burden under Federal Rule of Civil Procedure 56 and Local Rule 56.1.[1] Despite receiving this notice, Plaintiff has filed no response to Defendant's motion and the time for doing so has expired. Accordingly, the Court deems admitted the facts presented by Defendant in support of her motion—to the extent such facts are supported by the record—and grants summary judgment in favor of Defendant, as detailed below.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. At this time, only claims against one defendant, Beverly Jackson, remain.[2] The events giving rise to these claims occurred while Plaintiff was incarcerated at the Lansing Correctional Facility ("LCF") in Lansing, Kansas. Defendant is a Licensed Practical Nurse ("LPN") who was employed by

---

[1] Doc. 85.

[2] *See* Doc. 82 (Court's order granting other defendants' motion for summary judgment).

Corizon Health, Inc., a company contracted to provide medical care to inmates at LCF, during the relevant timeframe.

Plaintiff has dealt with hernia-related issues since at least 2014. In November 2014, Plaintiff alleges he saw a male nurse at LCF who asked why Plaintiff did not have a hernia belt.[3] Approximately two months after that encounter, Plaintiff received a hernia belt. He underwent hernia repair surgery on April 9, 2015. Plaintiff was seen for post-surgery observation on April 9, April 10, April 16, and April 29. During his April 29 appointment, a doctor noted that Plaintiff should return to the surgeon for a follow-up visit. The next day, Defendant charted that Plaintiff was scheduled for the first available follow-up appointment with his surgeon, which was May 26. Plaintiff was also seen by a doctor for surgery-related issues on May 7, May 19, May 20, May 21, and May 24. After a doctor conducted a right-groin ultrasound, Plaintiff was scheduled for another appointment with his surgeon. Plaintiff had surgery to repair a right inguinal hernia on July 20, 2015. Following that surgery, Plaintiff was admitted to LCF's infirmary, and remained there until August 10. Defendant was not involved in Plaintiff's medical care related to his hernia after August 10, 2015.

As the Court noted in a prior order,[4] Plaintiff filed a total of four grievances while at LCF: two regarding access to and use of inhalers, one related to prison staff failing to notarize Plaintiff's documents, and one regarding Plaintiff's housing assignments and disciplinary actions taken against him.

---

[3] Doc. 12 at 10.

[4] Doc. 82.

## II. Legal Standards

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[5] In applying this standard, courts view all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party.[6] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[7] A fact is material if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[8] An issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[9]

The moving party must initially show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[10] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an

---

[5] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[6] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[7] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[8] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[9] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248).

[10] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

essential element of that party's claim.[11] Where, as here, an affirmative defense is raised at the summary judgment stage, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted."[12] Once the defendant has met this initial burden, the plaintiff must "demonstrate with specificity the existence of a disputed material fact."[13] The defendant is entitled to summary judgment as a matter of law if the plaintiff fails to make such a showing.[14]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[15] The nonmoving party may not simply rest upon its pleadings to satisfy this burden.[16] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[17] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript[,] or a specific exhibit incorporated therein."[18]

---

[11] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[12] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[13] *Id.*

[14] *Id.*

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Celotex*, 477 U.S. at 324.

[16] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[17] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (2000); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[18] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (quoting *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.3d 1022, 1024 (10th Cir. 1992)).

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[19] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[20]

**III. Analysis**

Plaintiff alleges that Defendant violated his Eighth Amendment rights on three occasions: (1) when she did not timely order him a hernia belt, (2) when she did not timely schedule him for medical appointments, and (3) when she failed to relay his medical restrictions to LCF staff. Defendant argues that Plaintiff failed to exhaust his administrative remedies, and even if he had done so, he fails to allege any cognizable Eighth Amendment violation.

Because Plaintiff did not file a response to Defendant's motion, it is deemed uncontested pursuant to District of Kansas Local Rule 7.4(b).[21] That rule provides:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.[22]

---

[19] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[20] *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988).

[21] Plaintiff is proceeding pro se in this matter. The Court recognizes that, as a result, it must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se parties must still comply with federal and local rules. *Barnes v. United States*, 173 F. App'x 695, 697–98 (10th Cir. 2006) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

[22] D. Kan. Rule 7.4(b).

This standard is modified in the context of summary judgment analysis because "it is improper to grant a motion for summary judgment simply because it is unopposed."[23] Under Federal Rule of Civil Procedure 56(e), the Court may deem a fact undisputed where the nonmoving party fails to address it.[24] That rule also permits the Court to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[25] As a result of Plaintiff's failure to respond within 21 days of Defendant filing her motion, the Court deems Defendant's facts undisputed to the extent they are supported by the record.

### A. Exhaustion of Available Administrative Remedies

Defendant argues that Plaintiff's claims are barred because he failed to fully exhaust all available administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[26] "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[27] The exhaustion requirement also requires proper exhaustion so that "the prison grievance system is given a fair opportunity to

---

[23] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986)); *see also Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003).

[24] Fed. R. Civ. P. 56(e)(2).

[25] Fed. R. Civ. P. 56(e)(3).

[26] 42 U.S.C. § 1997e(a).

[27] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

consider the grievance."[28] This requires complete compliance with prison grievance procedures.[29]

The uncontroverted evidence in the record demonstrates Plaintiff failed to exhaust his administrative remedies regarding his allegations against Defendant. LCF's four-step grievance procedure requires inmates to: (1) attempt informal resolution, (2) file a grievance report submitted to the appropriate unit team member, (3) submit the grievance to the warden, and (4) submit the grievance to the Secretary of Corrections.[30]

The Court-ordered, uncontested *Martinez* Report indicates Plaintiff only filed four grievances while housed at LCF.[31] The first two grievances, filed in October 2015, both relate to Plaintiff's rescue inhalers.[32] The third grievance complains of LCF staff failing to notarize documents for Plaintiff.[33] The fourth and final grievance mentions multiple incidents and staff members.[34] However, the fourth grievance was deemed improperly filed and failed to identify what actions were being grieved. Importantly, none of these grievances mention Defendant, nor do they relate to Plaintiff's claims against her in this lawsuit.

Based on the grievance records in the *Martinez* Report, which Plaintiff has not refuted, the Court finds that Defendant has satisfied her burden for summary judgment. Plaintiff has not

---

[28] *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).

[29] *Jones v. Bock*, 549 U.S. 199, 218 (2007).

[30] A more robust description of the Kansas state prisoner grievance process is provided in Kansas Administrative Regulations § 44-15-102. *See also Smith v. Rudicel*, 123 F. App'x 906, 907 (10th Cir. 2005) (describing the grievance procedures in Kansas state prisons).

[31] Doc. 41-20.

[32] *Id.* at 4, 15.

[33] *Id.* at 24.

[34] Doc. 41-21 at 14–25.

7

identified any evidence demonstrating he fully exhausted his available administrative remedies for any of the claims he brings against Defendant, nor has he produced admissible evidence that there is a genuine issue of material fact remaining on the issue of exhaustion. Summary judgment is therefore proper on grounds that Plaintiff has not exhausted his administrative remedies as required by the PLRA.

### B. Eighth Amendment Claims

Even if Plaintiff were able to demonstrate he fully exhausted his administrative remedies, his claims would fail because uncontroverted evidence in the record shows Defendant did not violate his Eighth Amendment rights. The Eighth Amendment protects prisoners against cruel and unusual punishment, including deprivations that are part of the punishment, and certain deprivations suffered during incarceration.[35] But the Supreme Court has held that, since "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," an inmate with an Eighth Amendment claim based on prison medical staff's inadequate attention to medical needs must show "deliberate indifference to [the prisoner's] serious medical needs."[36]

"Deliberate indifference has both an objective and subjective component."[37] The objective component requires that "the medical need . . . be sufficiently serious,"[38] meaning that "the condition 'has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"[39] The

---

[35] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[36] *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citations omitted).

[37] *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

[38] *Id.*

[39] *Al-Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.2d 1272, 1276 (10th Cir. 2001)).

subjective component requires the plaintiff show that the defendant knew that the plaintiff "faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"[40] To demonstrate a substantial harm, a plaintiff may rely on a "lifelong handicap, permanent loss, or considerable pain."[41]

Plaintiff alleges that Defendant acted with deliberate indifference to a serious medical need on three occasions: (1) when she failed to timely order a hernia belt causing a delay in receiving it, (2) when she failed to timely schedule a follow-up medical appointments, and (3) when she failed to properly communicate Plaintiff's medical restrictions to LCF staff.

Plaintiff has failed to produce objective evidence that any of Defendant's actions were sufficiently serious.[42] But even assuming Plaintiff's hernia-related issues were sufficiently serious medical needs, he has not produced any evidence that Defendant disregarded a risk of harm or otherwise acted with a culpable state of mind. Plaintiff alleges that Defendant was deliberately indifferent because she ignored his questions on some occasions, delayed ordering his hernia belt, delayed scheduling a follow-up appointment, and did not communicate Plaintiff's restrictions to LCF staff. However, the uncontroverted evidence negates any indication that Defendant was deliberately indifferent. For instance, the *Martinez* Report reveals that Plaintiff was timely afforded access to medical care in response to his complaints and sick calls. The *Martinez* Report also indicates that Plaintiff met with his treating physician at LCF during the time he alleges Defendant failed to schedule him for appointments. Thus, even assuming

---

[40] *Hunt*, 199 F.3d at 1224 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

[41] *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

[42] *Farmer*, 511 U.S. at 834 (l994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

9

Plaintiff's unsupported allegations are true, Defendant's actions do not rise to the level of an Eighth Amendment violation.

In sum, Plaintiff has failed to demonstrate that he exhausted his administrative remedies as required by the PLRA, and Defendant is entitled to summary judgment as a result. Even if Plaintiff had exhausted his administrative remedies, however, Defendant would be entitled to summary judgment because Plaintiff fails to establish Defendant committed any act in violation of his Eighth Amendment rights.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 83) is **granted**.

**IT IS SO ORDERED.**

Dated: February 7, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE